IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMENIQUE DISTEFANO<br>440 Aldan Ave.<br>Aldan, PA 19018 | :<br>:<br>:<br>: | CIVIL ACTION |
| Plaintiff,<br>v. | :<br>:<br>: | CASE NO.: |
| MNF ENTERPRISES, INC.<br>d/b/a Martindale's Natural Market<br>1172 Baltimore Pike<br>Springfield, PA 19064 | :<br>:<br>:<br>:<br>: | |
| Defendant. | :<br>: | |

## CIVIL ACTION COMPLAINT

Dominique DiStefano (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against MNF Enterprises, Inc. d/b/a Martindale's Natural Market (hereinafter referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000, *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under Title VII and Section 1981. There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit under Title VII within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. MNF Enterprises, Inc. is a corporation that owns and operates a natural food market in Springfield, PA and does business as "Martindale's Natural Market."

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a 25-year-old female.

12. Plaintiff was hired to work for Defendant on or about March 11, 2020 as a Part-Time Cashier.

13. However, through her hard work and stellar performance (which she was often praised for), Plaintiff continued to be assigned new jobs and was promoted during her employment with Defendant.

14. In or about 2022, Plaintiff was promoted to Assistant Manager of Produce and was directly supervised by then Produce Manager, Tracy McDonald (hereinafter "McDonald").

15. Thereafter, Plaintiff moved into the position of Grocery Specialist and began reporting to Defendant's Grocery Manager, Tanya Litchin (hereinafter "Litchin") and Defendant's Chief Operating Officer, Mike Kearney (hereinafter "Kearney").

16. McDonald was eventually promoted to Store Manager in or about July of 2024 and therefore assumed indirect supervision over Plaintiff at that time.

17. Shortly after being promoted into the Store Manager position, McDonald hired an individual by the name of Charlie Bailey (male - hereinafter "Bailey") into a stocker position.

18. Bailey is an approximate 70-year-old male.

19. Plaintiff did not have much interaction with Bailey during the initial few months of his employment until in or about November of 2024.

20. Beginning in or about November of 2024, Bailey began to subject Plaintiff (and other young female employees and customers) to sexual harassment, which included unwelcomed sexual comments and gestures.

21. Some examples of the sexual harassment exhibited by Bailey towards Plaintiff included but was not limited to: (1) telling Plaintiff that he wanted to shove certain items up her a**; (2) telling Plaintiff that he wanted to "stick it in" (referring to putting his penis in her vagina); (3) holding a pepperoni stick in front of his gentiles and making obscene gestures with it; (4) commenting on Plaintiff's looks and clothes in a sexual manner; (5) pinning Plaintiff against a wall; and (6) touching plaintiff's back and grazing her arms.

22. Plaintiff complained of Bailey's behavior to Kearney no less than three occasions between late 2024 and early 2025.

23. On the last occasion that Plaintiff complained to Kearney, he told Plaintiff that he would speak to McDonald and that he, Plaintiff, and McDonald would have a meeting to discuss her concerns further; however, this meeting never happened.

24. Plaintiff's aforesaid complaints of sexual harassment were not properly addressed or investigated and instead, Plaintiff was subjected to retaliatory treatment.

25. For example, in or about January of 2025, Plaintiff was given a written warning for allegedly having a negative attitude.

26. In or about February of 2025, Bailey's sexual harassment had not ceased, and Plaintiff verbally complained to Litchin about the same, to which Litchin instructed Plaintiff to write down her most recent interactions with Bailey and provide them to her.

27. Plaintiff did as was instructed and provided a written document stating that Baily called her a "pain in the a**" on February 11, 2025, and that he stated he wanted shove an item up her butt on February 27, 2025.

28. Litchin stated that she would escalate Plaintiff's concerns of sexual harassment/harassment to the appropriate management, such as McDonald.

29. However, Plaintiff concerns were again ignored, and Plaintiff continued to be subjected to retaliatory treatment in the form of another written discipline on March 21, 2025 for alleged poor attitude.

30. Plaintiff responded to the aforesaid write up in part by stating: "I have also had anxiety from the workdays that Charlie Bailey has spoke sexual comments and innuendos to me including in front of my supervisor, Tanya Lichtin . . . ."

31. Plaintiff also stated in her response that she would gladly accept mentorship to help her develop her communication skills that Defendant felt she was allegedly lacking (which was offered by Defendant's management when the March 21, 2025 disciplinary action was given to Plaintiff).

32. After submitting her rebuttal to the March 21, 2025 disciplinary action, Plaintiff met with McDonald and Litchin to discuss her rebuttal.

33. During her meeting with McDonald and Litchin, Plaintiff was spoken to in a demeaning manner, and Defendant's management downplayed her complaint of sexual harassment, insinuating that what Plaintiff had complained about was not sexual harassment.

34. Litchin also revealed during the meeting with Plaintiff and McDonald that she never escalated Plaintiff's concerns of sexual harassment (and never gave a copy of the written incidents from February 11th and February 27th) to McDonald because she thought Plaintiff was lying about Bailey's sexually inappropriate comments (even though she was present for some of the incidents).

35. Plaintiff left the meeting with McDonald and Litchin feeling absolutely defeated, knowing that Defendant's management was refusing to investigate or properly address her concerns of sexual harassment.

36. On or about April 1, 2025, shortly after her meeting with McDonald and Litchin, Plaintiff was informed that she was being terminated from her employment with Defendant.

37. Plaintiff was told that she was terminated because of her "poor attitude and insubordinate backtalking and conduct towards supervisors."

38. Defendant claims in Plaintiff's April 1, 2025 termination letter that Defendant's allegedly "made many attempts since 2021 to intervene in, address, and improve the misconduct in question," which is completely false.

39. The reasons for Plaintiff's previous disciplinary actions and her termination on April 1, 2025 are completely pretextual, as (1) Plaintiff was only ever issued discipline regarding her alleged "poor attitude" *after* she began complaining of sexual harassment; (2) the only three disciplinary actions that Plaintiff received during her employment with Defendant were issued *after* she began complaining of sexual harassment; (3) on January 3, 2025, Plaintiff had just been praised for her performance in writing (and there was no mention of her poor attitude in this acknowledgment); (4) the only documentation regarding Plaintiff's performance that was issued to her prior to her first write up in January of 2025, was a Performance Improvement Plan in

January of 2022 which specifically indicated that it was being issued to her because she was being considered for the Assistant Produce Supervisor position and management wanted to evaluate her abilities to "make sound judgment for culling, being able to maintain produce on the sales floor, being able to assist the Produce Supervisor in her duties, and going the extra mile to see if she can handle a high operation volume within the department;" (5) there was no mention of Plaintiff's alleged "poor attitude" or that her attitude needed improvement in the aforesaid Performance Improvement Plan and such plan was successfully completed on February 7, 2022; (6) upon information and belief, Bailey's inappropriate behavior was never investigated by Defendant, and Bailey was never terminated for his inappropriate sexual conduct towards Plaintiff and other employees; and (7) despite agreeing to receive mentorship regarding her alleged communication deficiencies, Plaintiff was never provided with the same.

40. Based on the foregoing, Plaintiff believes that she was subjected to a hostile work environment and ultimately terminated by Defendant because of her sex and/or in retaliation for complaining about sexual harassment.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Gender Discrimination; [2] Sexual Harassment; [3] Retaliation)
-Against Defendant Entity Only-

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was subjected to a hostile work environment through unwelcomed sexual comments and gestures that were severe and/or pervasive.

43. Plaintiff complained of the aforesaid sexual harassment on many occasions between November of 2024 and March of 2025; however, her complaints were never properly investigated, escalated, or addressed.

7

44. Instead, Plaintiff was subjected to a retaliatory hostile work environment, including to being subjected to two pretextual disciplinary actions and her ultimate termination.

45. Upon information and belief, Bailey, whom Plaintiff complained was sexually harassing her and other employees was not terminated for the same, yet Plaintiff was terminated for having an alleged "poor attitude" after approximately 5 years of dedicated service to Defendant (with a lack of any progressive discipline prior to her complaints of sexual harassment)

46. Plaintiff believes and avers that her gender was a motivating or determinative factor in Defendant's decisions to (1) issue her discipline in January and March of 2025; and (2) terminated her employment on April 1, 2025.

47. Plaintiff also believes and avers that she was (1) issued discipline in January and March of 2025; and (2) terminated on April 1, 2025 because of her complaints of sexual harassment.

48. Plaintiff asserts that Defendant's decisions (discussed *supra*) were made in violation of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, profit shares, salary, pay increases, bonuses, medical and other benefits and wage loses, training, promotions,

pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

   C. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

   D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

   E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

   F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

   G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

              Respectfully submitted,

              **KARPF, KARPF & CERUTTI, P.C.**

         By: _____
              Ari R. Karpf, Esq. (91538)
              8 Interplex Drive, Suite 210
              Feasterville-Trevose, PA 19053
              akarpf@karpf-law.com
              (215) 639-0801

Dated: December 11, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Domenique DiStefano | : | CIVIL ACTION |
| v. | : | |
| MNF Enterprises, Inc. d/b/a Martindale's Natural Market | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| 12/11/2025 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Defendants place of business__

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DISTEFANO, DOMENIQUE

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
MNF ENTERPRISES, INC. D/B/A MARTINDALE'S NATURAL MARKET

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/11/2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE